**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4027**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL TERRELL HALL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:07-cr-00711-BHH-26)

Submitted:  September 12, 2019                    Decided:  September 27, 2019

Before KING, WYNN, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, David C. Stephens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Terrell Hall appeals his 60-month sentence imposed upon revocation of his supervised release. Hall argues that his sentence is unreasonable because the district court did not adequately explain his sentence and failed to address his argument for a lower sentence. We vacate Hall's sentence and remand for resentencing.

In analyzing a revocation sentence, we apply

> a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable. And even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless.

*United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citations and internal quotation marks omitted).

We determine reasonableness by generally following the procedural and substantive considerations used in reviewing original sentences. *Id.* "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* (footnotes omitted); *see* 18 U.S.C. § 3583(e) (2012).

> [W]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments. If the court determines that a sentence outside the advisory range is appropriate, it is uncontroversial that a major departure should be supported by a more significant justification than a minor one. The requirements that a district court meaningfully respond to the parties' nonfrivolous arguments and sufficiently explain the chosen sentence are intended to allow for meaningful appellate review and to promote the perception of fair sentencing. And although the court need not be as detailed

2

or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed.

*Slappy*, 872 F.3d at 207-08 (ellipsis, citations, and internal quotation marks omitted).

Hall admitted violating his supervised release by using cocaine, but counsel argued for a sentence below the five-year statutory maximum, noting that Hall was a drug addict, that his positive drug tests were the only basis for his violation, and that Hall had no other violations of the law. Counsel contended that Hall's positive drug screens were an insufficient reason to impose a maximum sentence. Based on his Grade C violation and criminal history category of IV, the district court correctly calculated Hall's policy statement range as 6 to 12 months. U.S. Sentencing Guidelines Manual § 7B1.4(a) (2018).

The district court considered the § 3553(a) factors and imposed an upward variance sentence of 60 months, the statutory maximum. The court noted Hall's repeated use of cocaine while on release and that each instance of drug use was a violation of law, but it failed to explain why a sentence at the statutory maximum and five times the top of the policy statement range was necessary. This failure to adequately explain its sentencing decision renders the sentence procedurally unreasonable, and in light of our precedent requiring such explanation, plainly unreasonable.

Accordingly, we vacate Hall's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*